UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANN POTTIE, | : |
|     Plaintiff, | : |
|     vs. | :    No. 3:12cv773(WIG) |
| ATLANTIC PACKAGING GROUP, LLC, | : |
|     Defendant. | : |

-----------------------------------------------------------------X

RULING ON DEFENDANT'S MOTION TO DISMISS [DOC. # 12]

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendant has moved to dismiss Plaintiff's claim under the Age Discrimination in Employment Act ("ADEA") asserted in the First Count; Plaintiff's claim for breach of the implied covenant of good faith and fair dealing in the Second Count; Plaintiff's claim for negligent infliction of emotional distress in the Third Count; and Plaintiff's claim for intentional infliction of emotional distress in the Fourth Count.  In response, Plaintiff states that she does not oppose Defendant's motion as to the first three counts.  Thus, Defendant's motion will be granted and the ADEA claim in the First Count, and the Second and Third Counts will be dismissed without prejudice to Plaintiff's filing an amended complaint.

Plaintiff, however, does oppose Defendant's motion as to the Fourth Count.  Defendant maintains that Plaintiff has not alleged "extreme and outrageous" conduct by Defendant, a required element for a claim of intentional emotional distress.  *Petyan v. Ellis*, 200 Conn. 243, 253 (1986).  Plaintiff maintains that she has sufficiently alleged facts to meet the standard of "extreme and outrageous" conduct.

It is well-settled that, when ruling on a Rule 12(b)(6) motion, the Court must accept all

factual allegations of a plaintiff's complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, when accepted as true, to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010).

Here, Plaintiff, who is an Asian female from Thailand, with a work-related disability, alleges that she was subjected to a course of discrimination and harassment based upon her race, color, ethnicity, national origin, age, and physical disability, ultimately resulting in her termination (Pl.'s Compl. ¶¶ 8, 13). She alleges the following facts, which for purposes of this motion the Court accepts as true:

- Defendant, its agents, servants, or employees called her a refugee, a goat, a fawn;
- They inquired "what banana boat she came off of?";
- She was subjected to verbal abuse and physical abuse, being struck in the head and face with hand, box, or other items;
- She was subjected to the use of profanity;
- She was asked "what corner [she] hung out at?;"
- She was required to beg to use the bathroom;
- Her last name "Pottie" was used as a bathroom reference;
- She was ridiculed about her dentures;
- "Sexualized" comments were directed at her;

- Medical restrictions were ignored and she was required to perform heavier and more difficult work.

(Pl.'s Compl. ¶ 11).  She also alleges that she has suffered and will continue to suffer emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self esteem (Pl.'s Compl. ¶ 18). These factual allegations are incorporated by reference into her Fourth Count, which alleges that the "foregoing conduct by the defendant was intentional, extreme, and outrageous."  (Pl.'s Compl., Fourth Count ¶ 19).  Additionally, she alleges that she was terminated in retaliation for exercising her rights under the Workers' Compensation Act (Pl.'s Compl. Fifth Count).

"In assessing a claim for intentional infliction of emotional distress, the court performs a gatekeeping function.  In this capacity, the role of the court is to determine whether the allegations of a complaint . . . set forth behaviors that a reasonable fact finder could find to be extreme and outrageous." *Cassotto v. Aeschliman*, 130 Conn. App. 230, 235 (2011) (internal citations and quotation marks omitted). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Muniz v. Kravis*, 59 Conn. App. 704, 708 (2000) (internal citation and quotation marks omitted). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' *1 Restatement (Second), Torts § 46*, comment (d), p. 73

(1965). Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." *Appleton v. Board of Education*, 254 Conn. 205, 210–11 (2000).

Moreover, in the employment context, the Connecticut Supreme Court has set the bar even higher for what could be considered extreme and outrageous conduct: "[I]t is clear that individuals in the workplace reasonably should expect to experience some level of emotional distress, even significant emotional distress, as a result of conduct in the workplace." *Perodeau v. Hartford*, 259 Conn. 729, 757 (2002). Under Connecticut law, "[t]here is no bright line rule to determine what constitutes extreme and outrageous conduct sufficient to maintain an action as the court must look to the specific facts and circumstances of each case in making its decisions." *Menon v. Frinton*, 170 F. Supp. 2d 190, 198 (D. Conn. 2001) (internal citations and quotation marks omitted). Whether a defendant's conduct is sufficient to satisfy the requirement of extreme and outrageous conduct is a question for the Court in the first instance. *Appleton,* 254 Conn. at 210. Only where reasonable minds disagree does it become an issue for the jury. *Id.*

In arguing that Plaintiff's complaint fails to state a cause of action for intentional emotional distress, Defendant takes each factual allegation and examines it independently (Def.'s Mem. at 15-19). However, in assessing whether Plaintiff's factual allegations set forth a claim for intentional infliction of emotional distress, the Court must consider the totality of the circumstances rather that each individual allegation in isolation. *See Dichello v. Marlin Firearms Co.*, No. CV06500296S, 2007 WL 429474, at *3 (Conn. Super. Ct. Jan. 22, 2007). When the Plaintiff's factual allegations are viewed in their totality, and when reasonable

inferences are drawn in her favor, the Court finds that Plaintiff has alleged sufficient facts to survive a motion to dismiss under Rule 12(b)(6).  She was subjected to a course of verbal abuse and profanity, including being referred to by racially and ethnically derogatory names and asked what banana boat she came off, a remark insulting of her national origin and ethnicity.  She was asked what corner she hung out at, which could reasonably be interpreted as suggesting she was a prostitute.  Her surname was used in a derogatory manner to refer to a bathroom or toilet. She was ridiculed about her appearance in a sexually demeaning manner.  She was physically struck in the head and face with a hand, box or other items.  She was subjected to degrading conditions in order to use the restroom.   Taken together, the Court finds that reasonable minds could differ on whether the conduct alleged goes beyond all bounds usually tolerated by a decent society, particularly in light of the strong public policy prohibiting employment discrimination on the basis of race, sex, and national origin.  *See Berry v. Loiseau*, 223 Conn. 786, 807 (Conn. 1992) (upholding a plaintiff's jury verdict on intentional infliction of emotional distress in a case involving physical abuse of an employee by his supervisor, including being punched and choked); *Bremmer-McLain v. City of New London*, No. CV115014142S, 2012 WL 2477921, at *12 (Conn. Super. Ct. June 1, 2012) (denying a motion to strike a claim of intentional infliction of emotional distress where the plaintiff was called racially derogatory names in light of the strong public policy against discrimination); *Lachler v. Nicholas*, No. LLICV116004557S, 2012 WL 1759725, at *7 (Conn. Super. Ct. Apr. 24, 2012) (denying a motion to strike an intentional infliction of emotional distress claim where the plaintiff alleged repeated intimidation and retaliation for participating in a criminal investigation); *see also Burr v. Howell*, 35 Conn. L. Rptr. 95, 2003 WL 21675848, at *4 (Conn. Super. Ct. June 25, 2003) (discussing cases in which

racial and /or ethnic slurs in the workplace constituted extreme and outrageous conduct); *Leone v. New England Communications*, 32 Conn. L. Rptr. 72, 2002 WL 1008470, at *3 (Conn. Super. Ct. Apr. 1, 2002) (same).

Accordingly, the Court grants in part and denies in part Defendant's Motion to Dismiss [Doc. # 12]. Plaintiff's ADEA claim in the First Count, the Second Count, and the Third Count are dismissed without prejudice to Plaintiff's filing an amended complaint within 21 days of this Ruling. Defendant's Motion to Dismiss the Fourth Count is denied for the reasons set forth above.

This is not a recommended ruling. The parties have consented to have this matter conduct all proceedings pursuant to 28 U.S.C. § 636(c). *See* Rule 73, Fed. R. Civ. P.

SO ORDERED, this ___6th___ day of December, 2012, at Bridgeport, Connecticut.


        /s/ *William I. Garfinkel*
        WILLIAM I. GARFINKEL
        United States District Judge